OPINION
{¶ 1} Defendant-appellant, Michelle Evans, appeals her conviction in Fairfield Municipal Court for assault. We affirm appellant's conviction.
 {¶ 2} In August 2002, a complaint was filed in Fairfield Municipal Court charging appellant with assault in violation of section 537.03(A) of the Fairfield City Ordinances. The complaint alleged that appellant knowingly caused or attempted to cause physical harm to Beverly Lewis. The charge stemmed from appellant's conduct during a fracas at an apartment complex in Fairfield.
 {¶ 3} In December 2002, a bench trial was held in municipal court, after which the court found appellant guilty of assault. The court subsequently sentenced appellant to 180 days in jail. The court suspended appellant's jail time and ordered her to serve two years of nonreporting probation.
 {¶ 4} Appellant appeals her conviction, raising one assignment of error as follows:
 {¶ 5} "There Was Insufficient Evidence For The Court To Find Appellant Guilty Of Assault."
 {¶ 6} In this assignment of error, appellant argues that there was insufficient evidence to find that she "knowingly" caused physical harm to Ms. Lewis.
 {¶ 7} When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. State v. Thomkins, 78 Ohio St.3d 380, 386,1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Appellant was convicted for violating section 537.03(A) of the Fairfield City Ordinances, which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" Section501.08 provides that "[a] person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."
 {¶ 9} Immediately prior to the conduct at issue, Ms. Lewis was attempting to break up an altercation between her daughter and an acquaintance of appellant. Ms. Lewis and others eventually managed to separate Ms. Lewis' daughter and appellant's acquaintance. According to Ms. Lewis, at that point, appellant approached her and grabbed her arm, scratching her and causing her to bleed. Ms. Lewis testified that "[appellant] pulled my arm back and got in my face and said what are you going to do about it." She later testified that "[appellant] grabbed my arm and pulled me and my arm was bleeding."
 {¶ 10} We find that, after hearing Ms. Lewis' testimony, a rational trier of fact could have found that appellant knowingly caused physical harm to Ms. Lewis. Therefore, there was sufficient evidence to convict appellant.
 {¶ 11} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 12} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.